UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAVON WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 24-cv-2341 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

November 14th, 2024 [Dkt. #14]

Plaintiff Shavon Walker filed a complaint against the District of Columbia alleging that the District of Columbia Public Schools ("DCPS") engaged in discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 (the "ADA"). *See* Compl. [Dkt. #1]. The Government moved to dismiss the complaint, arguing that plaintiff failed to exhaust her administrative remedies before filing this case. Def. District of Columbia's Mot. to Dismiss the Compl. ("Gov't's Mot.") [Dkt. #14]. For the reasons discussed below, the Government's motion to dismiss is **GRANTED**.

I. **BACKGROUND**

The alleged facts are set out in more detail in my Opinion denying plaintiff's motion for a preliminary injunction. Mem. Op. [Dkt. #12]. Plaintiff is a DCPS special education teacher with a disability, uterine fibroids. Compl. ¶ 2. She was recently reassigned from teaching Grades 6–8 to teaching Grades K–2. *Id.* ¶ 4. She alleges this reassignment violates the ADA because (1) it constitutes retaliation against her requests for

1

accommodation and advocacy on behalf of disabled students; and (2) her disability prevents her from teaching Grades K–2, which is more physically challenging than teaching Grades 6–8. *See generally id.*

Plaintiff filed a complaint in this Court and a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 8. Plaintiff also moved this Court for a temporary restraining order and a preliminary injunction. Pl.'s Mot. for TRO & Prelim. Injunction [Dkt. #2]. I denied both. *See* Aug. 16, 2024 Minute Order (denying a temporary restraining order); Sept. 10, 2024 Order [Dkt. #13] (denying a preliminary injunction). The Government then filed the instant motion to dismiss, which is fully briefed and ripe for decision.

## II.   LEGAL STANDARD

"Motions to dismiss for failure to exhaust administrative remedies are properly addressed as motions to dismiss for failure to state a claim." *Scott v. Dist. Hosp. Partners, L.P.*, 60 F. Supp. 3d 156, 161 (D.D.C. 2014), *aff'd*, 715 F. App'x 6 (D.C. Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accepts as true all of the factual allegations contained in the complaint and draws all inferences in favor of the nonmoving party." *City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1298 (D.C. Cir. 2009).

### III. ANALYSIS

Plaintiff brings four claims under the ADA: (1) failure to grant reasonable accommodations, Compl. ¶¶ 57–71; (2) hostile work environment, *id.* ¶¶ 72–85; (3) retaliation for requesting reasonable accommodations, *id.* ¶¶ 86–92; and (4) retaliation for advocacy on behalf of disabled students, *id.* ¶¶ 93–101. The Government argues these claims must be dismissed because plaintiff has not exhausted her administrative remedies with the EEOC, a prerequisite to filing suit under the ADA. Gov't's Mot. 4. Plaintiff admits that she has not exhausted her administrative remedies, Pl.'s Response to Def.'s Mot. to Dismiss the Compl. ("Pl.'s Opp'n") [Dkt. #16] ¶ 1, but asks the Court to stay the case instead of dismissing it, *id.* ¶ 4. Dismissal, however, is the appropriate course of action here.

Before bringing an ADA complaint in federal court, "a plaintiff must first exhaust administrative remedies by filing a claim with the EEOC and then obtain[ing] a Notice of Right to Sue from the agency." *Dahlman v. AARP*, 791 F. Supp. 2d 68, 74–75 (D.D.C. 2011) (citing *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997)). If a plaintiff fails to comply with this requirement, dismissal is appropriate. *See, e.g., id.* at 79 (dismissing an ADA claim "for failure to exhaust [] administrative remedies"); *Ingram v. D.C. Child & Farm. Servs. Agency*, 394 F. Supp. 3d 119, 124 (D.D.C. 2019) (dismissing an ADA claim because plaintiff conceded she did not exhaust her administrative remedies).

Plaintiff concedes that she has not exhausted her administrative remedies and that she "acknowledged as much in her complaint." Pl.'s Opp'n ¶ 1; *see also* Compl. ¶ 54. She filed a claim with the EEOC and has not received a Notice of Right to Sue. *See* Compl. ¶¶

3

8, 53. Therefore, dismissal is appropriate. *See Dahlman*, 791 F.3d at 79; *Ingram*, 394 F. Supp. 3d at 124.

While I decline plaintiff's invitation to stay the case,[1] I emphasize that dismissal is without prejudice. Should plaintiff exhaust her administrative remedies or should the record develop in such a way that she has grounds to file a new motion for a preliminary injunction, this Court will be available to her.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is **GRANTED** and plaintiff's complaint is dismissed without prejudice. A separate order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[1] Deciding whether to stay the case is a matter left to this Court's discretion. *See Farouki v. Petra Int'l Banking Corp.*, 683 F. Supp. 2d 23, 26 (D.D.C. 2010) (explaining that it is a "settled proposition that a 'court has broad discretion and inherent power to stay discovery until preliminary questions that dispose of the case are determined'" (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001))). Plaintiff has not claimed dismissal would cause her hardship, *see* Pl.'s Opp'n ¶ 4 (citing only plaintiff's "preference" for a stay), and dismissal will promote judicial economy, as the EEOC process may negate the need for this action altogether.